■ In the Matter of MARIA CALISI, Respondent, v CNA INSURANCE COMPANY, Appellant. [744 NYS2d 22] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered September 26, 2001, which granted petitioner's application to confirm an underinsured motorist arbitration award of $175,000, unanimously affirmed, with costs.

Respondent insurer waived its right under the policy to a trial de novo of petitioner insured's underinsured motorist claim in the event of an arbitration award exceeding $10,000 by silently acquiescing in the arbitration forum's enforcement of forum rules governing the submission of evidence. Specifically, the policy provided that "procedure and evidence will be governed by local laws." However, when petitioner's attorney presented evidentiary material to a forum administrator prior to the hearing, the administrator returned the material with a letter advising both sides that the forum's rules require that all evidence be taken only in the presence of the arbitrators. Respondent evinced its intention to waive its arbitration-related rights under the policy, including the right to a trial de novo, by "failing to advise the forum that the dispute was to be arbitrated in accordance with the policy and not the rules of the forum" (*Matter of General Acc. Ins. Co. [Giacomazzo]*, 204 AD2d 236). We are not persuaded otherwise by the parties' selection of a three-member panel in accordance with the policy, since the forum's rules require that the arbitrator be selected in accordance with the method, if any, specified in the policy. Concur—Tom, J.P., Buckley, Ellerin, Wallach and Gonzalez, JJ.